BNDDUTY,CLOSED

# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: 1:23−mj−04508−JG All Defendants

Case title: USA v. Goel

Date Filed: 12/28/2023

Date Terminated: 12/28/2023

Assigned to: Magistrate Judge Jonathan Goodman

**Defendant (1)**

**Shray Goel**
92985−510
*YOB 1988 ENGLISH*
*TERMINATED: 12/28/2023*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| WARRANT/INDICTMENT/CDCA/WIRE FRAUD | |

**Plaintiff**

| **USA** | represented by | **Noticing AUSA CR TP/SR** |
|---|---|---|
| | | Email: Usafls.transferprob@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/28/2023 | 1 | Magistrate Judge Removal of Indictment from Central District of California Case number in the other District 2:23–cr–00623–WLH as to Shray Goel (1). (dgj) (Entered: 12/28/2023) |
| 12/28/2023 | 2 | Order to Unseal as to Shray Goel Signed by Magistrate Judge Jonathan Goodman on 12/28/2023. (dgj) (Entered: 12/28/2023) |
| 12/28/2023 | 3 | Minute Order for proceedings held before Magistrate Judge Jonathan Goodman: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Shray Goel held on 12/28/2023. Deft has private counsel in CD/CA. Bond recommendation/set: Shray Goel (1) STIP $400K PSB CO–SIGNED. AFPD assisted w/bond paperwork. Date of Arrest or Surrender: 12/28/23. Deft waived removal and was ordered removed to CD/CA. (Digital 13:31:17/13:43:31)<br><br>It is ORDERED AND ADJUDGED that pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence– that is, evidence that favors the defendant or casts doubt on the United States case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendants guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. Signed by Magistrate Judge Jonathan Goodman on 12/28/2023. (dgj) Modified on 12/28/2023 (dgj). (Entered: 12/28/2023) |
| 12/28/2023 | 4 | $400K PSB Bond Entered as to Shray Goel Approved by Magistrate Judge Jonathan Goodman. *Please see bond image for conditions of release.* (dgj) (Additional attachment(s) added on 12/28/2023: # 1 Restricted Bond with 7th Page) (dgj). (Entered: 12/28/2023) |
| 12/28/2023 | 5 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Shray Goel (dgj) (Entered: 12/28/2023) |
| 12/28/2023 | 6 | ORDER OF REMOVAL ISSUED to Central District of Californinia as to Shray Goel. Closing Case for Defendant. Signed by Magistrate Judge Jonathan Goodman on 12/28/2023. *See attached document for full details.* (dgj) (Entered: 12/28/2023) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FILED BY    MP    D.C.

Dec 28, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                PLAINTIFF,<br><br>       v.<br><br>SHRAY GOEL,<br><br>              DEFENDANT(S) | CASE NUMBER: **23-4508-MJ-GOODMAN**<br><br>2:23-cr-00623-WLH<br><br>**WARRANT FOR ARREST** |

To:    UNITED STATES MARSHAL AND ANY AUTHORIZED UNITED STATES OFFICER

**YOU ARE HEREBY COMMANDED** to arrest **SHRAY GOEL**
and bring him forthwith to the nearest Magistrate Judge to answer an Indictment
charging him with Wire Fraud and Aggravated Identity Theft,
in violation of Title 18, United States Code, Section(s) 1343 and 1028A.

| | |
|---|---|
| Kiry K. Gray<br>NAME OF ISSUING OFFICER<br><br>Clerk of Court<br><br>*Johanie Bonegas*<br>SIGNATURE OF DEPUTY CLERK | December 13, 2023, Los Angeles, CA<br><br>DATE AND LOCATION OF ISSUANCE<br><br>**Honorable Jacqueline Chooljian**<br>By:     NAME OF JUDICIAL OFFICER |

**RETURN**

THIS WARRANT WAS RECEIVED AND EXECUTED WITH THE ARREST OF THE ABOVE-NAMED DEFENDANT AT (LOCATION)

| | |
|---|---|
| DATE RECEIVED | NAME OF ARRESTING OFFICER |
| DATE OF ARREST | TITLE |

**ADDITIONAL DEFENDANT INFORMATION**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NUMBER: |
|---|---|
| PLAINTIFF, | |
| v. | |
| SHRAY GOEL, | **WARRANT FOR ARREST** |
| DEFENDANT(S) | |

| RACE: | SEX: | HEIGHT: | WEIGHT: | HAIR: | EYES: | OTHER: | |
|---|---|---|---|---|---|---|---|

| DATE OF BIRTH: | PLACE OF BIRTH: | SOCIAL SECURITY NO.: | DRIVER'S LICENSE NO. | ISSUING STATE |
|---|---|---|---|---|
| **1988** | | | | |

| ALIASES: | SCARS, TATTOOS OR OTHER DISTINGUISHING MARKS: | | |
|---|---|---|---|

| AUTO YEAR: | AUTO MAKE: | AUTO MODEL: | AUTO COLOR: | AUTO LICENSE NO.: | ISSUING STATE |
|---|---|---|---|---|---|

| LAST KNOWN RESIDENCE: | LAST KNOWN EMPLOYMENT: |
|---|---|

FBI NUMBER:

ADDITIONAL INFORMATION:

| INVESTIGATIVE AGENCY NAME: | INVESTIGATIVE AGENCY ADDRESS: |
|---|---|
| **FBI, FDIC-OIG** | |

NOTES:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>SHRAY GOEL,<br><br>DEFENDANT(S) | CASE NUMBER: <br><br>**WARRANT FOR ARREST** |

1
2
3
4
5
6
7
8

FILED BY _____ MP _____ D.C.

*Dec 28, 2023*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

FILED
CLERK, U.S. DISTRICT COURT

12/13/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ jb _____ DEPUTY

# 23-4508-MJ-GOODMAN

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:23-cr-00623-WLH |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| SHRAY GOEL, | |
| Defendant. | |

The Grand Jury charges:

### COUNTS ONE THROUGH THIRTEEN

[18 U.S.C. §§ 1343, 2]

A.   INTRODUCTORY ALLEGATIONS

    1.   At times relevant to this Indictment:

        a.   Defendant SHRAY GOEL resided in the Central District of California and Milwaukee, Wisconsin, among other places.

        b.   With others working with him and at his direction, defendant GOEL owned and operated a short-term property rental business under various names including Abbot Pacific LLC, marketing properties for short-term rental on Airbnb, Inc. ("Airbnb"),

1    HomeAway, Inc. (dba HomeAway.com or Vrbo.com) ("Vrbo"), and other
2    online property rental platforms.

3        c.    Defendant GOEL and others working with him and at his
4    direction owned and leased properties throughout the United States
5    for the rental business, including properties in Los Angeles,
6    California; Malibu, California; Marina Del Rey, California; Denver,
7    Colorado; Chicago, Illinois; Davenport, Florida; Bloomington,
8    Indiana; Cleveland, Ohio; Austin, Texas; Dallas, Texas; Nashville,
9    Tennessee; and Milwaukee, Wisconsin, among other places.  By 2019,
10   they were managing nearly 100 properties across the United States.

11       d.    Airbnb was an online platform and marketplace for
12   short-term and long-term property rentals and experiences,
13   facilitating connections between hosts and guests.  With respect to
14   short-term rentals:

15           i.    Airbnb's terms of service governed access to and
16   use of the Airbnb platform.  Among other terms, the terms of service
17   included terms specific for hosts and terms applicable to all
18   listings created through the Airbnb platform.

19           ii.   Airbnb's terms of service required users, both
20   hosts and guests, to register an account (which required agreement to
21   the terms of service) in order to use features of the platform
22   including publishing or booking a listing; all users were required to
23   provide accurate, current, and complete information during the
24   registration process and to keep their information up to date at all
25   times.

26           iii. Airbnb's terms of service prohibited users from
27   assigning or transferring their account to anyone else or disclosing
28   account credentials to any third party.  While the Airbnb platform

                                    2

1  had features to allow individual hosts to add other users as co-

2  hosts, such that other users could take certain actions in relation

3  to the listings, such as accepting booking requests, messaging

4  guests, and updating listing fees and calendar availability, the host

5  remained solely responsible and liable for any listings published on

6  the platform for their account.

7         iv.  Airbnb's terms of service prohibited users from

8  using the platform to publish, submit, or transmit anything that was

9  deceptive, fraudulent, false, or misleading (either directly or by

10  omission or failure to update information).

11         v.  Airbnb's terms of service required hosts to

12  comply with all laws, rules, and regulations applicable to their

13  listings including laws, rules, and regulations requiring hosts to

14  obtain licenses, permits, or registrations from state or local

15  authorities.

16         vi.  Airbnb's terms of service required hosts to

17  provide accurate information concerning properties being listed,

18  including the description of the properties, their location, and

19  their calendar availability, that is, the availability of the

20  properties for rental on listed dates; hosts were required to keep

21  listing information (including calendar availability) up to date at

22  all times; multiple bookings of the same property for the same or

23  overlapping dates ("double bookings") were not allowed.

24         vii. Under Airbnb's terms of service, once a guest

25  requested to book a listing at a published price, the host could not

26  ask the guest to pay a higher price, and once a host accepted a

27  booking or a booking was pre-approved, the host had a legally binding

28

1    agreement with the guest to host the guest at the booked listing on

2    the booked dates for the published price.

3           viii.   Following a confirmed booking, Airbnb would

4    send the guest a booking confirmation and collect payment for the

5    reservation, which Airbnb would hold until 24 hours after the guest

6    checked into the listing, at which time Airbnb would release the

7    payment to the host.

8           ix.  A confirmed booking granted the guest a limited

9    license to enter, occupy, and use the booked listing for the duration

10   of the booked reservation.  Hosts were not permitted to cancel

11   confirmed bookings except as authorized by Airbnb's policies (for

12   example, legitimate concerns about a guest's behavior, as discussed

13   further below, or extenuating circumstances, as defined in Airbnb's

14   policies).

15          x.   If a host cancelled outside of Airbnb's policies,

16   Airbnb could publish an automated review on the listing showing the

17   host cancellation and impose a cancellation fee on the host's

18   account.  Further, if a host canceled a confirmed booking, absent

19   legitimate concerns about a guest's behavior, the guest would be

20   entitled to a full refund.

21          xi.  Hosts could establish house rules including

22   limits on the number of guests and extra charges for additional

23   guests, and a host could cancel a reservation if the host had

24   legitimate concerns about a guest's behavior, including unauthorized

25   parties, and in such a situation, a guest might not be entitled to a

26   refund.

27          xii. Hosts could elect to have a strict cancellation

28   policy apply to their listings such that, absent extenuating

circumstances or in some instances a limited window following
advanced bookings, a guest would not receive a refund for canceling a
confirmed reservation.  A host could voluntarily agree to give a
guest a refund if the guest cancelled a listing outside a host's
cancellation policy, but the host was not obligated to do so.

xiii.    Following a completed reservation, guests
and hosts could rate each other and post reviews of their experience,
and these ratings and reviews were visible to other users of the
Airbnb platform.

xiv. Hosts that cancelled confirmed reservations could
receive negative guest ratings and reviews, and hosts that
continually cancelled confirmed reservations could also have their
payouts cancelled and their listings suspended and ultimately removed
from the platform.

B.    THE SCHEME TO DEFRAUD

2.    Beginning no later than in or about January 2018, and
continuing until at least in or about November 2019, in Los Angeles
County, within the Central District of California, and elsewhere,
defendant GOEL, together with others known and unknown to the Grand
Jury, knowingly and with intent to defraud, devised, participated in,
and executed a scheme to defraud Airbnb, Vrbo, and other online
property rental platforms (the "rental platforms"), and guests
booking properties through the rental platforms, as to material
matters, and to obtain money and property from such victims by means
of materially false and fraudulent pretenses, representations, and
promises and the concealment of material facts.

3.    The scheme operated in substance as follows:

5

a.   Defendant GOEL operated a double-booking-bait-and-switch scheme on the rental platforms, secretly double-booking properties and then inventing fake last-minute excuses for cancelling overbooked guests or tricking them into switching to inferior replacements.

b.   Defendant GOEL and others working with him and at his direction profited from the scheme by running a secret bidding war to rent properties to the highest bidder, by keeping all of their properties in any given area at maximum capacity, and by otherwise being able to choose among overbooked guests, and they often refused to agree to refunds for guests who were entitled to them.

c.   To carry out the scheme, defendant GOEL and others working with him and at his direction would post, and cause to be posted, listings of properties for short-term rental on the rental platforms, creating listings throughout the course of the scheme and using other listings they had created dating back to at least 2016.

d.   In posting listings, defendant GOEL and others working with him and at his direction used false and misleading representations concerning the identities of the hosts, the addresses of the properties, the availability of the properties for rental on listed dates, the reserved status of properties for guests with confirmed bookings, the condition of the properties, and the veracity and completeness of the reviews of the properties and hosts, among other false and misleading representations.

e.   Defendant GOEL and others working with him and at his direction would post multiple listings of the same property, listing the property at different prices for the same date to try to maximize the price they could charge for each property on a given date, and

trying to maximize occupancy rates on a given date by using
overbooked properties to fill open properties in the same area,
including using multiple listings of frequently-booked properties as
bait to trick guests into booking those properties, intending to
switch overbooked guests to less frequently-booked properties in the
same area.

f.    Defendant GOEL and others working with him and at his
direction used fake host names and in certain instances other
people's identities and identification documents (the "fake hosts" or
"fake host accounts"), creating these fake host accounts throughout
the course of the scheme and using other fake host accounts they had
created dating back to at least 2015.  They used the fake host
accounts to conceal their own identities, to double-book properties,
to hide negative reviews by de-listing and re-listing properties, to
protect against properties being removed from the rental platforms
(by having properties listed through multiple hosts), and to continue
to list properties after they had been banned from Vrbo in 2015
because of repeated host cancellations and guest complaints.

g.    The fake host accounts included: "Alex & Brittany,"
"Annie & Chase," "Becky & Andrew," "Jess & Tyler," "Kelsey & Jean,"
"Kris & Becky," "Rachel & Pete," "Sarah & Jason," "Stephen F.," and
"Ryan J.," among other names.  Defendant GOEL and others working with
him and at his direction would pretend to be the fake hosts in
communications with guests and the rental platforms.

h.    In at least some instances, defendant GOEL and others
working with him and at his direction listed or caused to be listed
addresses that had no residential structure, were unaffiliated with
the co-schemers, or did not exist at all (insofar as the addresses

did not correspond to any address in the relevant county records system and could not be found through any widely used Global Position System (GPS) such as google.com) ("fake addresses"). The use of fake addresses helped the co-schemers create duplicate listings for a single property, evade local rules and regulations governing short-term rentals, and control who had access to properties.

i. Defendant GOEL and others working with him and at his direction would post misleading positive reviews of their listings by booking a listing using a fake host account other than the one being used to list a property, and using the fake host account that booked the listing, they would post a misleading positive review, falsely indicating that the review was from an unaffiliated, third-party guest who had stayed at the property.

j. In at least some instances, defendant GOEL and others working with him and at his direction did not update a property's calendar availability after the property had been booked, and they continued to advertise the booked property as being available for rental on the already-booked dates, both by listing the property through multiple listings on a single rental platform and by cross listing the property on different rental platforms. The duplicate listings allowed defendant GOEL and others working with him and at his direction to rent the same property to multiple guests for the same or overlapping dates – *i.e.,* to double book the property.

k. Defendant GOEL and others working with him and at his direction concealed the double bookings and the double-booking practice of the business, hiding the fact that properties were double-booked and/or still being listed after being booked, knowing that prospective guests would not reserve properties and pay for

1   reservations if they knew that the properties had been or could be

2   double-booked, and that the rental platforms might prohibit them from

3   continuing to use the rental platforms if the double-bookings were

4   discovered.

5       l.   After a listing had been booked, defendant GOEL and

6   others working with him and at his direction chose which (if any)

7   guest to host, often selecting the guest who had booked the property

8   at the highest price or who otherwise had the most profitable

9   reservation, and, for an overbooked guest or a guest they did not

10  otherwise host or want to host, they would do one of the following:

11      i.   They provided the guest with a false excuse as to

12  why a booked property was unavailable, and then: (1) cancelled the

13  reservation, but resisted the assessment of any cancellation fees;

14  (2) convinced the guest to move to an alternative property by falsely

15  representing the alternative was comparable or an upgrade, and denied

16  refunds if guests complained; or (3) lied to the rental platforms

17  about the guest or the reservation to keep money from guests entitled

18  to refunds.

19      ii.  They convinced the guest to cancel the

20  reservation under false pretenses including promising the guest a

21  full refund when, in at least some instances, they lied to the rental

22  platforms about the guest or the reservation including lies about

23  promised refunds.

24      iii. They stopped responding to the guest prior to

25  check in, and in at least some instances, they lied to the rental

26  platforms about the guest or the reservation, including falsely

27  telling the rental platforms the guest had stayed in the booked

28  property.

1    m.   If guests complained about a property or posted a

2  negative review, defendant GOEL and others working with him and at

3  his direction sometimes posted and caused to be posted false negative

4  reviews about the guests, and they would remove or de-activate the

5  negatively reviewed listing and use other listings of the same

6  property or re-list the property with a new listing profile or an

7  entirely new host profile.

8    n.   Defendant GOEL would pressure, threaten, and insult

9  Airbnb customer service representatives and demand to be transferred

10  to another representative or a supervisor when representatives

11  indicated they were going to give refunds over defendant GOEL's

12  objections, which sometimes resulted in representatives denying

13  refunds to which guests were entitled, or transferring defendant GOEL

14  to a representative or supervisor who might deny the refund.

15    o.   The co-schemers used the lies and misrepresentations

16  to obtain payments from guests who would not have otherwise booked a

17  reservation for one of the co-schemers' properties.  The lies and

18  misrepresentations also helped the co-schemers keep money from guests

19  entitled to refunds, to avoid cancellation fees and negative reviews,

20  and to keep the scheme going in the various ways discussed above.

21  The last-minute nature of the cancellations also caused guests and

22  the rental platforms to suffer losses when guests were forced to find

23  last-minute alternative accommodations.

24    p.   In furtherance of the scheme, defendant GOEL and his

25  co-schemers used the following properties, among others, and the

26  following fake property addresses, among others, involving

27  reservations booked by the following guests, among others:

28

10

| Real Property Address | Fake Property Address(es) | Guests |
|---|---|---|
| 1193 Angelina Street, Austin, TX 78702 | | J.Cof., P.C., E.I., K.S. |
| 1342 North Greenview Avenue, Chicago, IL 60642 | | T.C., S.W. |
| 1612 West Beach Avenue, Chicago, IL 60622 | 1600 West Beach Avenue, Chicago, IL 60622 | K.F., S.P. |
| 1656 West Erie Street, Chicago, IL 60622 | 1650 West Erie Street, Chicago, IL 60622 | C.A., J.Cou., H.H., J.K., C.N., M.S. |
| 1701 4th Avenue North, Nashville, TN, 37208 | 1650 5th Avenue North, Nashville, TN, 37208 | A.H., A.S., L.S., C.V. |
| 18922 Pacific Coast Highway, Malibu, CA 90265 | 20220 Pacific Coast Highway, Malibu, CA 90265 | M.B., R.B., S.B., T.G., J.H., E.N., P.L., C.S., A.W., K.W., P.Z. |
| 20006 Pacific Coast Highway, Malibu, CA 90265 | 20000 Pacific Coast Highway, Malibu, CA 90265 | J.B., L.D., M.K., S.M. |
| 20466 Pacific Coast Highway, Malibu, CA 90265 | | M.B., M.F., L.M., J.S. |
| 20648 Pacific Coast Highway, Malibu, CA 90265 | | C.B., G.J., B.L., E.N., J.T. |
| 20650 Pacific Coast Highway, Malibu, CA 90265 | | B.B., J.Pat., J.Pon., R.H.p |
| 209 Montreal Street, Los Angeles, CA 90293 | | A.M., B.P., S.R., R.C. |
| 2737 North Kenmore Avenue, Chicago, IL 60614 | 2700 North Kenmore Avenue, Chicago, IL 60614 | A.C., P.L. |

11

| Real Property Address | Fake Property Address(es) | Guests |
|---|---|---|
| 2272 North Lincoln Avenue, Chicago, IL 60614 | 2270 North Lincoln Avenue, Chicago, IL 60614 | J.Cas., M.D. |
| 3522 Shoshone Street, Denver, CO 80211 | | S.A. |
| 521 San Juan Avenue, Los Angeles, CA 90291 | | T.S., K.L. |
| 615 Brooks Avenue, Los Angeles, CA 90291 | | T.G., J.Per. |
| 6304 Vista Del Mar, Los Angeles, CA 90293 | | J.G., D.L., M.F. |
| 915 26th Street, Denver, CO 80205 | 2500 Curtis Street, Denver, CO 80285 | D.C., F., W.N., L.M. |
| 842 North Wood Street, Chicago, IL 60622 | 825 North Wood Street, Chicago, IL 60622 <br><br> 850 North Wood Street, Chicago, IL 60622; <br><br> 925 North Wood Street, Chicago, IL 60622; <br><br> 942 North Wood Street, Chicago, IL 60622 | A.C., M.D., M.G., D.W. |

q.   In 2018 and 2019, in the course of the scheme and in furtherance of it, defendant GOEL and others working with him booked more than 10,000 reservations through Airbnb, receiving more than $7 million in payouts on those reservations; they booked additional and sometimes conflicting reservations through Vrbo and received more than $1.5 million in additional payouts from those reservations.

12

C. <u>USE OF INTERSTATE WIRES</u>

4. On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant GOEL and his co-schemers, together with others known and unknown to the Grand Jury, aiding and abetting each other, transmitted and caused the transmission of the following items by means of wire communication in interstate commerce:

| COUNT | DATE | INTERSTATE WIRING |
|---|---|---|
| ONE | 12/14/2018 | Communication on the Airbnb platform from Airbnb to guest T.S.: "We received a message from Rachel & Pete that their guest refused to leave the property...." |
| TWO | 12/14/2018 | Communication on the Airbnb platform from Airbnb to guest K.L.: "...we do understand that there w[as] inconvenience on your part as well. However, since your reservation is not affected, then we can't proceed with any compensation..." |
| THREE | 02/15/2019 | Communication on the Airbnb platform from Airbnb to guest M.B.: "...I am sorry to hear that your host needs to cancel your stay..." |
| FOUR | 04/27/2019 | Communication on the Airbnb platform from defendant GOEL and others working with him to guest J.Pat.: "** You are located at: 20650 Pacific Coast Highway Malibu, CA 90265 **Check in 4pm **Check out 10am . . ." |
| FIVE | 06/20/2019 | Communication on the Airbnb platform from defendant GOEL and others working with him to guest T.G.: "Our Address: **18922 Pacific Coast Highway, Malibu, CA, 90265** ** Check in 4pm ** . . ." |
| SIX | 07/01/2019 | Communication on the Airbnb platform from defendant GOEL and others working with him to guest M.F.: "You are located at : ** 6304 Vista Del Mar, Playa Del Rey, CA, 90293** **Check in 4pm **Check out 10am . . ." |
| SEVEN | 07/03/2019 | Communication on the Airbnb platform from defendant GOEL and others working with him to guest S.M.: "just tried calling you – what is the best number to reach you on." |

| COUNT | DATE | INTERSTATE WIRING |
|-------|------|-------------------|
| EIGHT | 07/09/2019 | Communication on the Airbnb platform from defendant GOEL and others working with him to guest M.K.: "hey [M.] – what is the best number to reach you on? I'm having a bit of a plumbing problem so i wanted to reach out to you proactively !" |
| NINE | 07/14/2019 | Communication on the Airbnb platform from Airbnb to guest S.B.: "I just want to let you know that [the host] can't promise that the toilet will be fixed today . . . He mentioned that he already contacted a lot of plumbers but unfortunately no one responded. He wants to cancel the reservation . . ." |
| TEN | 08/09/2019 | Communication on the Airbnb platform from defendant GOEL and others working with him to guest E.N.: "You are located at: ** 20648 Pacific Coast Highway Malibu, CA 90265 ** **Check in 4pm **Check out 10am . . ." |
| ELEVEN | 10/08/2019 | Wires sent through the Airbnb platform associated with a reservation booked by J.Pon. for 20650 Pacific Coast Highway, Malibu, CA 90265, with host "Stephen F" |
| TWELVE | 10/12/2019 | Communication on the Airbnb platform from defendant GOEL and others working with him to guest B.B.: "Trying to call you, what[']s the best number to reach you?" |
| THIRTEEN | 10/15/2019 | Communication on the Airbnb platform from defendant GOEL and others working with him to guest J.Pon.: "[The refund] was sent" in response to the message: "I just spoke with Airbnb, they did not have the record of you requested to give me full refund. Please straighten out this issue immediately. It has been 3 days since I was supposed to stay at your property, in which my family was left stranded due to your plumbing issue." |

14

COUNTS FOURTEEN AND FIFTEEN

[18 U.S.C. §§ 1028A(a)(1), 2(b)]

5.   The Grand Jury realleges paragraphs 1, 3, and 4 of this Indictment here.

6.   On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant GOEL knowingly transferred, possessed, and used, and willfully caused to be transferred, possessed, and used, without lawful authority, a means of identification that defendant GOEL knew belonged to another person, namely, the names of the individuals identified below by their initials, during and in relation to the offense of Wire Fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in the counts of this Indictment identified below:

| COUNT | DATES | MEANS OF IDENTIFICATION | PREDICATE FELONY VIOLATION |
|-------|-------|-------------------------|----------------------------|
| FOURTEEN | 04/15/2019 to 05/08/2019 | Name of A.S. | COUNT FOUR |
| FIFTEEN | 06/19/2019 to 06/25/2019 | Name of D.C. | COUNT FIVE |

1                        FORFEITURE ALLEGATION

2            [18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)]

3        1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 18,

6   United States Code, Section 981(a)(1)(C) and Title 28, United States

7   Code, Section 2461(c), in the event of defendant SHRAY GOEL's

8   conviction on the offenses set forth in any of Counts One through

9   Fifteen of this Indictment.

10       2.    Defendant GOEL, if so convicted, shall forfeit to the

11  United States of America the following:

12            a.    All right, title, and interest in any and all

13  property, real or personal, constituting, or derived from, any

14  proceeds traceable to the offenses; and

15            b.    To the extent such property is not available for

16  forfeiture, a sum of money equal to the total value of the property

17  described in subparagraph (a).

18       3.    Pursuant to Title 21, United States Code, Section 853(p),

19  as incorporated by Title 28, United States Code, Section 2461(c),

20  defendant GOEL, if so convicted, shall forfeit substitute property,

21  up to the total value of the property described in the preceding

22  paragraph if, as the result of any act or omission of defendant GOEL,

23  the property described in the preceding paragraph or any portion

24  thereof (a) cannot be located upon the exercise of due diligence; (b)

25  has been transferred, sold to, or deposited with a third party;

26  (c) has been placed beyond the jurisdiction of the court; (d) has

27  //

28  //

1  been substantially diminished in value; or (e) has been commingled

2  with other property that cannot be divided without difficulty.

3

4

5                                         A TRUE BILL

6

7                                         _____/S/_____
                                          Foreperson
8

9  E. MARTIN ESTRADA
   United States Attorney
10

11

12 MACK E. JENKINS
   Assistant United States Attorney
13 Chief, Criminal Division

14 RANEE A. KATZENSTEN
   Assistant United States Attorney
15 Chief, Major Frauds Section

16 SCOTT PAETTY
   Assistant United States Attorney
17 Deputy Chief, Major Frauds
   Section
18
   KERRY L. QUINN
19 Assistant United States Attorney
   Major Frauds Section
20

21

22

23

24

25

26

27

28

                        17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 23-MJ-4508-GOODMAN (SEALED)


UNITED STATES OF AMERICA,
            Plaintiff,


V.


Shray Goel,
            Defendant(s).
_____/

### **ORDER**

**THIS CAUSE** came before the Court and pursuant to proceedings it is

thereupon, PURSUANT TO THE ARREST OF THE ABOVE NAMED

DEFENDANT, THIS CASE IS HEREBY UNSEALED.

**DONE AND ORDERED** at Miami, Florida.


Dated: 12/28/2023


_____
**Jonathan Goodman**
**UNITED STATES MAGISTRATE JUDGE**

# MINUTE ORDER

## Magistrate Judge Jonathan Goodman

**King Building Courtroom 11-3**          Date: 12/28/2023  Time: 1:30 p.m.

Defendant:  Shray Goel          J#: 92985-510     Case #: 23-MJ-4508-GOODMAN

AUSA: **Edward Stamm**          Attorney:

Violation: C/D CA/Warr/Pet Wire Fraud/Aggravated Identity Theft          Surr/Arrest Date: 12/28/23      YOB: 1988

Proceeding:  Initial Appearance          CJA Appt:

Bond/PTD Held: ○ Yes  ○ No          Recommended Bond:

Bond Set at:**STIP-$400,000 Personal Surety Bond**          Co-signed by: **Pankaj Goel and Nishtha Goel**

☐ Surrender and/or do not obtain passports/travel docs

☐ Report to PTS as directed/or _____ x's a week/month by phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services _____

Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses, except through counsel

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or Curfew _____ pm to _____ am, paid by _____

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to: _____

☑ Other: **See Attachment(s)**

Language: **English**

Disposition:
Brady Order given. Motion to Unseal the case **GRANTED** by the Court.  AFPD assisted with the Bond paperwork. Defendant has private counsel in the Central District of California. All parties STIPULATE to $400K PSB co-signed by Pankaj and Nishtha Goel. Defendant Waived Removal and Identity hearing in open court. Court Ordered Defendant removed to the Central District of California. All further proceedings will be held in the Central District of California.

Time from today to _____ excluded from Speedy Trial Clock

**NEXT COURT APPEARANCE**    Date:          Time:          Judge:          Place:

Report RE Counsel:

PTD/Bond Hearing:

Prelim/Arraign or Removal:

Status Conference RE:

D.A.R. **JG-13:31:17; 13:43:31**          Time in Court: **22 mins.**

s/Jonathan Goodman          Magistrate Judge

DEFENDANT:    Shray Goel
CASE NUMBER:  23-4508-MJ-GOODMAN
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case; surrender on 12/29/2023 by 4pm.

✓ b. Report to Pretrial Services as follows: (✓) as directed or___ time(s) a week in person and___ time(s) a week by telephone;

__ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ d. Refrain from ____excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

__ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

✓ f. Employment restriction(s): ___may not work in an employment with access to PII of others including his current employment___

✓ g. Maintain or actively seek full-time employment; as permitted by Pretrial Services.

__ h. Maintain or begin an educational program;

__ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

__ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

✓ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

✓ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court; Defendant and the Defendant's parents.

✓ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc., Except for travelling to CD/CA for court purposes only.

__ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT: Shray Goel
CASE NUMBER: 23-4508-MJ-GOODMAN
PAGE THREE

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

1. (   ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. (   ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. (   ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. (   ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. (   ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. (   ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. (   ) The defendant shall not be involved in any children's or youth organizations.
8. (   ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. (   ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

✓ u. May travel to and from:  SD/FL to CD/ California  , and must notify Pretrial Services of travel plans before leaving and upon return. FOR HEARINGS ONLY.

✓ v. Comply with the following additional conditions of bond:
  Defendant's parents to sign over deed of their property in California (Address placed on the Court Record) by 1/26/24.

DEFENDANT: Shray Goel
CASE NUMBER: 23-4508-MJ-GOODMAN
PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### APPEARANCE BOND: $400,000 PSB

### CASE NO.: 23-4508-MJ-GOODMAN

UNITED STATES OF AMERICA:

    Plaintiff,

v.           USM # : **92985-510**

**Shray Goel,**

    Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ $400,000 PSB _____

### STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

 1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

 2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

 3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

 4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

 5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: Shray Goel
CASE NUMBER: 23-4508-MJ-GOODMAN
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

☑ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case; surrender on 12/29/2023 by 4pm.

☑ b. Report to Pretrial Services as follows: (✓) as directed or____ time(s) a week in person and____ time(s) a week by telephone;

__ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ d. Refrain from ____excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

__ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

☑ f. Employment restriction(s): __may not work in an employment with access to PII of others including his current employment__

☑ g. Maintain or actively seek full-time employment; as permitted by Pretrial Services.

__ h. Maintain or begin an educational program;

__ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

__ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

☑ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

☑ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court; Defendant and the Defendant's parents.

☑ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.; Except for travelling to CD/CA for court purposes only.

__ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT: Shray Goel
CASE NUMBER: 23-4508-MJ-GOODMAN
PAGE THREE

__ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on ( ) ability to pay as determined by the U.S. Probation Officer – or – ( ) paid by U.S. Probation;

__ Location monitoring technology at the discretion of the officer

__ Radio Frequency (RF) monitoring (Electronic Monitoring)

__ Active GPS Monitoring

__ Voice Recognition

__ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

OR

__ Home Detention: You are restricted to your residence at all times except for:

( ) medical

( ) substance abuse or mental health treatment

( ) court appearances

( ) attorney visits or court ordered obligations

( ) religious services

( ) employment

( ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

( ) employment

( ) education

( ) religious services

( ) medical, substance abuse, or mental health treatment

( ) attorney visits

( ) court appearances

( ) court ordered obligations

( ) reporting to Pretrial Services

( ) other _____

— q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

— r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: Shray Goel
CASE NUMBER: 23-4508-MJ-GOODMAN
PAGE FOUR

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. ( ) The defendant shall not be involved in any children's or youth organizations.
8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

✓ u. May travel to and from: __SD/FL to CD/ California__ , and must notify Pretrial Services of travel plans before leaving and upon return. FOR HEARINGS ONLY.

✓ v. Comply with the following additional conditions of bond:
Defendant's parents to sign over deed of their property in California (Address placed on the Court Record) by 1/26/24.

DEFENDANT: Shray Goel
CASE NUMBER: 23-4508-MJ-GOODMAN
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: Shray Goel
CASE NUMBER: 25-MJ-4508-Goodman
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 28 day of December, 2023 at Miami, Florida

Signed and acknowledged before me: DEFENDANT: (Signature) _____

WITNESS: _____ Miami _____ FC _____

Miami _____ FC _____
City            State

City            State

### CORPORATE SURETY

Signed this _____ day of _____, 20___ at _____, Florida

SURETY: _____     AGENT: (Signature) _____

_____            PRINT NAME: _____
City        State

### INDIVIDUAL SURETIES

Signed this 28 day of December 2023 at Los Angeles, Florida / California    Signed this 28 day of December, 2023 at Los Angeles, Florida / California

SURETY: (Signature) _____    SURETY: (Signature) _____

PRINT NAME: PANKAJ GOEL    PRINT NAME: NISHTHA GOEL

RELATIONSHIP TO DEFENDANT: FATHER    RELATIONSHIP TO DEFENDANT: MOTHER

Los Angeles        California        Los Angeles        California
City            State            City            State

Signed this 28 day of December, 2023 at Los Angeles, California / Florida    Signed this ___ day of _____, 20___ at _____, Florida

SURETY: (Signature) _____    SURETY: (Signature) _____

PRINT NAME: _____    PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____    RELATIONSHIP TO DEFENDANT: _____

_____        _____        _____        _____
City            State            City            State

### APPROVAL BY THE COURT

Date: Dec 28 2023

UNITED STATES MAGISTRATE JUDGE
JONATHAN GOODMAN

33

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### APPEARANCE BOND: $400,000 PSB

### CASE NO.: 23-4508-MJ-GOODMAN

UNITED STATES OF AMERICA:

        Plaintiff,

v.                                  USM # : **92985-510**

**Shray Goel,**

        Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ $400,000 PSB _____

### STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: Shray Goel
CASE NUMBER: 23-4508-MJ-GOODMAN
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case; surrender on 12/29/2023 by 4pm.

✓ b. Report to Pretrial Services as follows: (✓) as directed or___ time(s) a week in person and___ time(s) a week by telephone;

___ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ d. Refrain from ____excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

___ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

✓ f. Employment restriction(s): __may not work in an employment with access to PII of others including his current employment_____

✓ g. Maintain or actively seek full-time employment; as permitted by Pretrial Services.

___ h. Maintain or begin an educational program;

___ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

___ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

✓ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

✓ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court; Defendant and the Defendant's parents.

✓ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.; Except for travelling to CD/CA for court purposes only.

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT: Shray Goel
CASE NUMBER: 23-4508-MJ-GOODMAN
PAGE THREE

__ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on ( ) ability to pay as determined by the U.S. Probation Officer – or – ( ) paid by U.S. Probation;

    __ Location monitoring technology at the discretion of the officer

    __ Radio Frequency (RF) monitoring (Electronic Monitoring)

    __ Active GPS Monitoring

    __ Voice Recognition

    __ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

OR

    __ Home Detention: You are restricted to your residence at all times except for:

      ( ) medical

      ( ) substance abuse or mental health treatment

      ( ) court appearances

      ( ) attorney visits or court ordered obligations

      ( ) religious services

      ( ) employment

      ( ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

    ( ) employment

    ( ) education

    ( ) religious services

    ( ) medical, substance abuse, or mental health treatment

    ( ) attorney visits

    ( ) court appearances

    ( ) court ordered obligations

    ( ) reporting to Pretrial Services

    ( ) other _____

— q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

  r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 — U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: Shray Goel
CASE NUMBER: 23-4508-MJ-GOODMAN
PAGE FOUR

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

1. (   ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. (   ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. (   ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. (   ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. (   ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. (   ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. (   ) The defendant shall not be involved in any children's or youth organizations.
8. (   ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. (   ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

✓ u. May travel to and from:  SD/FL to CD/ California  , and must notify Pretrial Services of travel plans before leaving and upon return. FOR HEARINGS ONLY.

✓ v. Comply with the following additional conditions of bond:
Defendant's parents to sign over deed of their property in California (Address placed on the Court Record) by 1/26/24.

DEFENDANT: Shray Goel
CASE NUMBER: 23-4508-MJ-GOODMAN
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: Shray Goel
CASE NUMBER: 25-MJ-4508-Goodman
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _28_ day of _December_, 20 _23_ at _Miami_, Florida

Signed and acknowledged before me:    DEFENDANT: (Signature) _____

WITNESS: _____

_Miami_ _FL_    _Miami_ _FL_
City     State     City     State

### CORPORATE SURETY

Signed this _____ day of _____, 20 ____ at _____, Florida

SURETY: _____    AGENT: (Signature) _____

   PRINT NAME: _____

City     State

### INDIVIDUAL SURETIES

Signed this _28_ day of _December_ 2023 at _Los Angeles California_ ~~Florida~~

SURETY: (Signature) _____

PRINT NAME: _PANKAJ GOEL_

RELATIONSHIP TO DEFENDANT: _FATHER_

_LOS ANGELES_ _CALIFORNIA_
City     State

Signed this _28_ day of _December_, 2023 at _Los Angeles California_ ~~Florida~~

SURETY: (Signature) _____

PRINT NAME: _NISHTHA GOEL_

RELATIONSHIP TO DEFENDANT: _MOTHER_

_LOS ANGELES_ _CALIFORNIA_
City     State

Signed this _28_ day of _December_, 2023 at _Los Angeles California_ ~~Florida~~

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

City     State

Signed this ____ day of _____, 20 ____ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

City     State

## APPROVAL BY THE COURT

Date: _Dec 28 2023_

UNITED STATES MAGISTRATE JUDGE
JONATHAN GOODMAN

| CM/ECF RESTRICTED | DEFENDANT: Shray Goel |
| | CASE NUMBER: 23-MJ-4508 Goodman |
| | PAGE SEVEN |

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

## DEFENDANT

Signed this 28 day of December, 2023 at Miami, Florida

Signed and acknowledged before me:                DEFENDANT: (Signature)

WITNESS: Bunmi Lomax          ADDRESS: 1600 N.E. 1st Ave

ADDRESS: 150. W. Flagler St     Miami FL   ZIP: 33132

Miami FL   ZIP: 33130          TELEPHONE:

## CORPORATE SURETY

Signed this_____ day of _____, 20___ at _____, Florida

SURETY: _____   AGENT: (Signature) _____

ADDRESS: _____   PRINT NAME: _____

_____ ZIP: _____   TELEPHONE: _____

## INDIVIDUAL SURETIES

Signed this 28 day of December, 2023 at Los Angeles CA, Florida     Signed this 28 day of December, 2023 at Los Angeles CA, Florida

SURETY: (Signature) _____        SURETY: (Signature) _____

PRINT NAME: PANKAJ GOEL             PRINT NAME: NISHTHA GOEL

RELATIONSHIP TO DEFENDANT: FATHER      RELATIONSHIP TO DEFENDANT: MOTHER

ADDRESS: 26748 PROVENCE DR           ADDRESS: 26748 PROVENCE DR.

CALABASAS CA   ZIP: 91302           CALABASAS CA   ZIP: 91302

TELEPHONE: _____        TELEPHONE: _____

Signed this___ day of _____, 20___ at _____, Florida    Signed this___ day of _____, 20___ at _____, Florida

SURETY: (Signature) _____        SURETY: (Signature) _____

PRINT NAME: _____            PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____     RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____        ADDRESS: _____

_____ ZIP: _____        _____ ZIP: _____

TELEPHONE: _____        TELEPHONE: _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No:  23-MJ-4508-GOODMAN

United States of America
     Plaintiff,
   v.

                        Charging District's Case No.   2:23CR623-WLH

Shray Goel,
     Defendant.
_____/

## WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

I understand that I have been charged in another district, the **Central District of California.**

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;
(2)     an identity hearing to determine whether I am the person named in the charges;
(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;
(4)     a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;
(5)     a hearing on any motion by the government for detention;
(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

☑  An identity hearing and production of the warrant.

☐  A preliminary hearing.

☐  A detention hearing in the Southern District of Florida.

☐  An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district.  I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 12/28/2023

_____
Defendant's Signature

_____
Jonathan Goodman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No. 23-MJ-4508-GOODMAN

United States of America
           Plaintiff,

      v.

Shray Goel,
           Defendant.

_____/

## ORDER OF REMOVAL

It appearing that in the **Central District of California**, an Indictment was filed against the above-named defendant on a charge of **Wire Fraud/Aggravated Identity Theft**, and that the defendant was arrested in the Southern District of Florida and was given a hearing before United States Magistrate Judge Jonathan Goodman at Miami, Florida, which officially committed the defendant for removal to the **Central District of California**, it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge Jonathan Goodman for removal and posted bail in the amount of $ _400K PSB_ which was approved by the United States Magistrate Judge Jonathan Goodman, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bond furnished by the defendant, and it is further ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at Miami, Florida on 12/28/2023.

Jonathan Goodman
United States Magistrate Judge